UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SUZETTE BUERO, | Case No. 12-12137 |
| Plaintiff, | |
| v. | Mark A. Goldsmith |
| | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Stephanie Dawkins Davis |
| Defendant. | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION**
**MOTION FOR ATTORNEY FEES (Dkt. 15)**

## II. PROCEDURAL HISTORY

On May 11, 2012, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Mark A. Goldsmith referred this matter to Magistrate Judge Mark A. Randon for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a supplemental security income and disability insurance benefits. (Dkt. 2). The parties submitted a stipulation to remand this matter for further administrative proceedings, which was entered by Judge Goldsmith. (Dkt. 12). Judgment was then entered in plaintiff's favor. (Dkt. 13). On November 23, 2016, plaintiff filed a motion for attorney fees pursuant to 42 U.S.C. § 406(b)(1). (Dkt. 15). On September 22, 2017, this case was reassigned to the undersigned magistrate judge

and the motion for attorney fees was then referred on September 25, 2017. (Dkt. 18). The government filed its response on November 14, 2017 in which the government states that it does not oppose the motion. (Dkt. 21). The government states that the motion is consistent with § 406(b)'s requirements, that it is in accord with the fee agreement, and is otherwise reasonable. (Dkt. 21, Pg ID 520). Plaintiff included a proposed order for entry along with the motion for attorney fees. (Dkt. 15-1).

**II. RECOMMENDATION**

Based on the foregoing, the undersigned **RECOMMENDS** that (1) plaintiff's motion for attorney fees be **GRANTED**; (2) that the Court enter the proposed order granting plaintiff's motion in the form attached to the unopposed motion. (Dkt. 15-1).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 7, 2017

s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on December 7, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

s/Tammy Hallwood
Case Manager
(810) 341-7850
tammy_hallwood@mied.uscourts.gov